02-11-274-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-11-00274-CV

 

 


 
 
 Steve Wayne Allen
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 SueJo
 Brown
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 16th District Court OF Denton COUNTY

------------

MEMORANDUM
OPINION[1] AND
JUDGMENT

------------

 

We
have considered appellant’s AMotion For
Dismissal And Remand To Trial Court,@
along with the settlement agreement attached thereto, requesting that we abate
this appeal and permit proceedings in the trial court to effectuate the
settlement agreement and that we set aside the arbitrated judgment without
regard to the merits.  It is the court=s
opinion that the motion should be granted in part and denied in part.[2]
 Accordingly, without regard to the merits, we set aside the arbitrated
judgment and remand this case to the trial court for rendition of judgment in
accordance with the parties= settlement agreement.  See
Tex. R. App. P. 42.1(a)(2)(B), 43.2(d); Innovative
Office Sys., Inc. v. Johnson, 911 S.W.2d 387, 388
(Tex. 1995).  

         
Costs of the appeal shall be paid by the party incurring the same, for which
let execution issue.  See Tex. R. App. P. 43.4.

 

                                                                            
PER CURIAM

PANEL: 
DAUPHINOT, GARDNER, and WALKER, JJ.  

 

DELIVERED: 
November 10, 2011














[1]See Tex. R. App. P. 47.4.





[2]That is, the parties
ask us to abate this case until the trial court’s proceedings to effectuate
this settlement agreement are complete and to set aside the arbitrated
judgment and remand this case to the trial court for rendition of
judgment.  See Tex. R. App. P. 42.1(a)(2)(B),
(C).  Rule 42.1(a)(2), however, permits us to set aside the trial court=s judgment and remand
the case to the trial court for rendition of judgment in accordance with the
agreement or to abate the appeal and permit proceedings in the trial
court to effectuate the agreement; we cannot do both.  See Tex. R.
App. P. 42.1(a)(2)(B), (C); see also Cunningham v. Cunningham, No.
02-08-00362-CV, 2008 WL 5479677, at *1 n.2 (Tex. App.CFort Worth Oct. 30, 2008, no pet.) (mem.
op.).